ALFREDO NAZARIO, ETC., Plaintiff and Appellant, v. LÁMPA-
RAS QUESADA SALES CORPORATION, Defendant and Ap-
pellee.

No. R-69-270.        Decided December 7, 1970.

*Manuel Janer Mendía, Ángel Alfonso Colón,* and *Federico Mon-
tañez Delerme* for appellant. *Sarah Torres Peralta* and *Gus-
tavo Adolfo del Toro* for appellee.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

Pursuant to the collective bargaining agreement entered
into with the *Hermandad de Empleados de Lámparas Que-
sada de Puerto Rico,* defendant deducted from the weekly
wages of its salesman, Roberto Gómez, 25 percent of the $7
which he was supposed to receive for the sale of each lamp.[1]

---

[1] To that respect the collective bargaining agreement provides the
following:

The Secretary of Labor, in representation and for the benefit of said salesman, filed a complaint against Lámparas Quesada Sales Corporation, claiming the amount of $1,469, plus an equal amount as additional penalty, alleging that said weekly deduction was unlawful since it violated the provisions of Act No. 17 of April 17, 1931, 29 L.P.R.A. §§ 171–177, which limits the amounts which may be legally deducted from the wages of the laborers.

The trial court rendered summary judgment dismissing the complaint, on the ground that the claim object of the same had not been submitted to the arbitration procedure established in the collective bargaining agreement, pursuant to the decision in *Pérez* v. *Water Resources Authority*, 87 P.R.R. 110 (1963). The Secretary of Labor requests us to reverse the judgment thus rendered, alleging that: (a) the deduction

---

"ARTICLE XVI

"SALES AGENT

"Due to the nature of the work performed by these employees they are expressly excluded from the provisions concerning wages, working day, schedule and warranty of minimum weekly compensation which covers the other workers covered by this contract, and their system of work shall be governed by the following stipulations:

". . . . . . . .

"H.—The Enterprise shall pay weekly 75% of the contracts accredited and accepted during every week, at the rate of $7 for each contract of the instalment sales accredited and accepted by the Enterprise as of the date of the act of signing or effectiveness of the present collective bargaining agreement.

"I.—The remaining 25% of said sales shall be liquidated every six (6) months on the repossessed lamps during said period. For these purposes the Enterprise shall keep records of the lamps repossessed by each Sales Agent; IT BEING UNDERSTOOD that if the client has paid three (3) instalments, they shall not be considered repossessed. The Enterprise agrees to reimburse the Sales Agent the balance in favor of the Sales Agent upon liquidation. If the Sales Agent has repossessed in excess of the 25% stipulated herein, he will be bound to reimburse said difference to the Enterprise in reasonable instalments.

"J.—The Sales Agent shall be a commission merchant who shall work on a commission on the sales performed by him personally or his salesman, according to the following table:

". . . . . . . ."

from the weekly wages agreed upon in the collective bargaining agreement is void and inoperative because it is not authorized by Act No. 17 of April 17, 1931, *supra,* and (b) that he is not one of the parties who signed the collective bargaining agreement, for which reason he is not bound nor obliged to the terms of the same.

Undoubtedly, if the aforementioned Act No. 17 had prohibited the deduction from the weekly wages agreed upon by the defendant and the Hermandad de Empleados de Lámparas Quesada de Puerto Rico, the deduction clause of the collective bargaining agreement would be void since it violates a statutory prohibition which is of unquestionable public order. *Cf. Pérez* v. *Water Resources Authority, supra; Compañía Popular* v. *Unión de Empleados,* 69 P.R.R. 167 (1948). For that reason, it is indispensable to examine the provisions of Act No. 17 to find out whether or not they prohibit such deductions. Section 5 of said Act is the pertinent one:

"Section 5

"Whenever the employer or his agent may have advanced to the laborer any amount in lawful money of the United States of America, he shall have the right to deduct such sum from the wages of the latter. However, no amount shall be retained in excess of the total amount so advanced. *Except in the cases provided in this section, no employer may, for any reason, deduct any part of the wages due to laborers in order to pay the same to any other person, except* (a) when the laborer authorizes his employer in writing to deduct from his wages a certain sum to be paid as assessment to any association organized under sections 41–55 of Title 6 for the rendering of hospital services in Puerto Rico." (Italics ours.)

■ The key phrase of this text is *"in order to pay the same to any other person."* That is what it actually forbids, that deductions be made from the weekly wages of a laborer in order to pay the same to any other person. Said text does not include the deductions from the wages which, like those in the present case, shall be paid to the worker himself after

making the corresponding liquidation. The fundamental pre-occupation of the lawmaker in approving § 5 of Act No. 17 was to guarantee the *totality* of the laborer's wages preventing deductions from being made to force him to pay debts without resorting to the normal legal procedures. It is convenient to explain that although approved in 1931, the provisions of Act No. 17 have existed since Act No. 91 of 1917 was approved.\* Upon comparing both texts it may be noted that one is substantially a reproduction of the other. The explanation of this apparent legislative repetition is that the *promulgation* of Act No. 91 of 1917 was declared void in 1931 by the Circuit Court of Appeals for the First Circuit, in *Porto Rico Telephone Co.* v. *People of Porto Rico*, 47 F.2d 484 (1931). Immediately after this decision, the Legislature of Puerto Rico approved Act No. 17 of 1931, reestablishing substantially the provisions of Act No. 91 of 1917. See the Editor's notes in 2 L.P.R.A. § 183 and 29 L.P.R.A. § 144. See, also, Géigel Polanco, *Legislación Social de Puerto Rico* 200 (1936 ed.).

For many years there existed in Puerto Rico, mainly in the sugar industry, the practice of paying the weekly wages to the workers in tokens or tickets which could only be bartered in specific commercial establishments which, most of the time, belonged to the same employer who made the payment. It was also customary to pay the wages in merchandise and groceries. Frequently, the worker was cheated by decreasing his wages with low quality merchandise and goods of lower weight and measure. This resulted in bloody strikes in the agricultural phase of the sugar industry in or about the years 1915 and 1916. See *Cuarto Informe Anual del Negociado del Trabajo a la Asamblea Legislativa de Puerto Rico,* dated February 25, 1916. In said report the

---

\* COMPILER'S NOTE: Act No. 91 of 1917 was enacted by the Executive Secretary of Puerto Rico on March 31, 1919. See "Appendix to Volume II of the Laws of Puerto Rico of 1917," pp. 2, 10–14, printed in 1919.

adoption of legislation to abolish such oppressive practices was recommended to the Legislative Assembly. This was the origin of the provisions of Act No. 91 of 1917, which, as we have already said, were reproduced in Act No. 17 of 1931, now in force.

As it may be seen, neither from the text, nor from the historical context which resulted in the approval of § 5, may the intention to prevent the reservations or deductions from wages to be paid to the worker himself be inferred. We should not at this stage, when it is generally known that these practices have disappeared, extend by judicial fiat this statutory prohibition to prohibit wage deduction clauses like the one agreed upon in this case, thus reducing the ambit of collective bargaining and decreasing its flexibility without any benefit whatsoever for the workers. Such construction would suffer, in our opinion, of an excessive paternalism. *Cf. Nazario* v. *Superior Court,* 98 P.R.R. 827 (1970).

■ Summarizing, we conclude that the clause concerning deduction from the weekly wages agreed upon in this case does not violate the provisions of Act No. 17 of April 17, 1931, *supra,* and, therefore, the trial court did not commit error in dismissing the complaint by reason that the claim object of the same had not been submitted to the arbitration procedure established in the collective bargaining agreement.

■ With respect to appellant's contention in the sense that since the Secretary of Labor is not a party to the collective bargaining agreement, he is not bound to submit himself to the arbitration procedure, it suffices to say that in *Nazario* v. *Superior Court, supra,* we disposed unfavorably of an identical assignment, stating:

"It may also be added that the labor-management relations in the country cannot be subject to such an unfair and partial ruling as the one the Secretary wants us to adopt. It would be in the sense that while one of the contracting parties is bound by the collective bargaining agreement to submit to arbitration,

the other party may, through the intervention of the lawyers of the Labor Department, evade its contractual obligation of submitting to arbitration. The idea in itself is contrary to the most fundamental concepts of justice. In ruling on a matter which has been developing to such a great extent through court decisions, our case law must be underlied by a consistent and systematic thought."

Judgment will be rendered affirming the one already rendered by the trial court in this case.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra did not participate herein.